**IN THE UNITED STATES FEDERAL COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JOYICE CHILDS, | : | |
| | : | CASE NO: 2:10-CV-326 |
| Plaintiff, | : | |
| | : | JUDGE WATSON |
| | : | MAGISTRATE JUDGE ABEL |
| v. | : | |
| | : | |
| OHIO UNIVERSITY, | : | |
| | : | **Jury Demand Endorsed Hereon** |
| Defendant. | : | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

Plaintiff Joyice Childs (referred to herein as "Plaintiff"), for her Amended Complaint against Defendant Ohio University (referred to herein as "Defendant"), hereby states as follows:

**JURISDICTION AND VENUE**

1. This action is brought pursuant to Title VII of the Civil Rights Act of 1964, U.S.C. §2000e, *et seq*.

2. Venue is proper in this forum pursuant to 28 U.S.C. §1391, because Plaintiff entered into an employment relationship with Defendant in the Southern District of Ohio and performed her job duties there and Defendant Ohio University is operating its University in the Southern District of Ohio.

**PARTIES**

3. This action is brought by Joyice Childs ("Plaintiff" or "Ms. Childs"). At all times material herein, Ms. Childs resided in the Southern District of Ohio.

4. Defendant Ohio University ("Defendant") is an "employer" as that term is defined by Title VII, Title IX, and Ohio Revised Code, Chapter 4112. Defendant Ohio University was Plaintiff's employer at all times material herein

1

5. Plaintiff is an employee as that term is defined by Title VII, Title IX, and Ohio Revised Code, Chapter 4112.

## FACTS

6. Plaintiff has been employed by Defendant for over thirty (30) years.

7. During her tenure with Defendant, Plaintiff has consistently received outstanding evaluations.

8. On or around October of 2006, Defendant announced that the Information Technology Department would undergo a reorganization and restructuring.

9. Plaintiff's new job title after the reorganization was Director of Partnership Management, Office of Information Technology. Plaintiff's pay grade was, and still is, 86.

10. As a result of the restructuring, on or about October 13, 2006 Defendant announced that an Information Technology job audit process (JIQ/PDQ Assessment) would occur.

11. The purpose of the JIQ/PDQ Assessment was to determine the increases and decreases in job responsibilities and duties that occurred as a result of the restructuring so employees would be compensated fairly. Employees were told the Assessment may result in a pay upgrade, the same pay grade, or a lower pay grade (without lowering salary).

12. In addition, employees were told the resultant salary adjustment would be retroactive to October 2006.

13. As a result of the October restructuring, Plaintiff's job responsibilities and duties significantly increased. In fact, on or about October 17, 2006 Ms. Kirsten La Rochelle-Funk sent an email to Plaintiff stating. "you have an 'A' priority for the JIQ assessement as your duties have changed so much there is a not a JIQ in your personnel file that reflects any of these new

duties." Further, Plaintiff's Supervisors stated to Plaintiff on several occasions that her job responsibilities and duties had increased and changed dramatically.

14. On June 6, 2008, Defendant stated that all salary adjustments would only be retroactive to July, 1, 2007.

15. On or about August 25, 2008, Plaintiff received a memorandum from Mr. Stephen Brooks which stated that, "no indication was found that the position's duties have measurably changed over the last several years." As such, Plaintiff did not receive an increase in pay-grade.

16. The JIQ/PGQ assessment resulted in 14 pay upgrades (all male) and 2 downgrades (both female).

17. On September 22, 2008, Plaintiff met with Mr. Brooks to discuss the results of the Assessment. Mr. Brooks stated he could not discuss the details of the Assessment and would not provide a copy of the Job Evaluation matrix.

18. On or about October 23, 2008, Plaintiff filed an internal complaint with the Office for Institutional Equity. In her complaint, Plaintiff alleged, among other things, that Defendant had intentionally discriminated against her based on her gender and that Defendant's audit process, although facially neutral, caused a disparate impact against women.

19. On or about May 5, 2009, the Office for Institutional Equity released "Findings of Fact and Recommendations."

20. In the "Findings of Fact and Recommendations" it was stated "[i]n this case, there are indicators that raise inferences that gender is a factor in the compensation structure at Ohio University…," and that "These indicators appear when male and female salaries are compared by pay grade. There is a statistically significant difference in salaries by gender…."

21. Further, in looking specifically at Plaintiff's pay grade (86), the report stated, "[f]or pay grade 86, on average males had .1 less years of service than their female coworkers, but earned, on average, $2,896 more."

22. The report recommended Plaintiff has the opportunity for re-evaluation, with resultant salary adjustment retroactive to the date the job audit process was initiated.

23. To date Plaintiff remains in a pay grade 86, has not received an increase in salary, and has not had her position re-evaluated.

24. Plaintiff received a Notice of Right to Sue letter from the EEOC dated March 11, 2010 (copy attached hereto as Exhibit A).

## FIRST CAUSE OF ACTION

### (Sex Discrimination – Title VII)

25. Plaintiff realleges each of the allegations contained in the preceding paragraphs of her Amended Complaint as if fully restated herein.

26. This claim is brought pursuant to the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.*, and as amended, for employment discrimination based on sex.

27. Plaintiff is a member of a class protected from discrimination on the basis of sex. Plaintiff is female.

28. At all times relevant hereto the Plaintiff was qualified for the position she held.

29. Defendant discriminated against Plaintiff because of her sex when it failed to upgrade her pay grade despite having a substantial increase in job responsibilities and duties and treated her less favorably in the terms and conditions of her employment, in violation of 42 U.S.C. § 2000e. *et seq*.

30. Similarly-situated male employees were not treated with the same indignity and did not otherwise receive the same unfavorable treatment as the Plaintiff. Indeed, the only 14 people to receive increases in pay grade were all male.

31. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but not limited to serious emotional distress and the loss of salary, benefits and other terms, privileges and conditions of employment for which Defendant is liable.

32. Defendant's conduct was willful, wanton, reckless and/or malicious for which Defendant is liable for compensatory damages, punitive damages and reasonable attorney's fees and costs.

33. At all times material herein, Defendant acted in conscious and/or reckless disregard for Plaintiff's rights, with great probability that its acts and omissions would cause substantial harm to Plaintiff.

## SECOND CAUSE OF ACTION

### (Sex Discrimination, Disparate Impact – Title VII)

34. Plaintiff realleges each of the allegations contained in the preceding paragraphs of her complaint as if fully restated herein.

35. This claim is brought pursuant to the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.,* and as amended, for employment discrimination based on sex.

36. Plaintiff is a member of a class protected from discrimination on the basis of sex. Plaintiff is female.

37. Defendant's Information Technology job audit process (JIQ/PDQ Assessment) has a substantial adverse impact on females.

38. Defendant's pay-grade evaluation process has a substantial adverse impact on females.

39. As a direct and proximate result of Defendant's procedures and processes, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but not limited to serious emotional distress and the loss of salary, benefits and other terms, privileges and conditions of employment for which Defendant is liable.

40. At all times material herein, Defendant acted in conscious and/or reckless disregard for Plaintiff's rights, with great probability that its policies and procedures would cause substantial harm to Plaintiff.

41. Defendant is liable for compensatory damages, punitive damages and reasonable attorney's fees and costs.

## THIRD CAUSE OF ACTION

### (Retaliation – Title VII)

42. Plaintiff realleges each of the allegations contained in the preceding paragraphs of her Complaint as if fully restated herein.

43. On or about October 23, 2008, Plaintiff filed a complaint with Defendant's Office for Institutional Equity. In her complaint Plaintiff alleged, among other things, that Defendant was intentionally discriminating against her on the basis of sex and that Defendant's policies and procedures were discriminatory towards females.

44. In addition, Plaintiff submitted an article to Readers' Forum. The article, titled: "It's Time To Fight For The Rights Of Women At Ohio University," was published in the July 24, 2008 issue. The article alleged Defendant engages in discriminatory practices against Plaintiff and all females.

6

45. As a result of Plaintiff's opposition towards Defendant's discriminatory acts and policies, Defendant has refused to reevaluate Plaintiff's position and upgrade her pay grade.

46. Because Defendant refuses to upgrade Plaintiff's pay grade, she is significantly underpaid.

47. As a direct and proximate result of Defendant's retaliatory conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but not limited to serious emotional distress and the loss of salary, benefits and other terms, privileges and conditions of employment for which Defendant is liable.

48. Defendant's conduct was willful, wanton, reckless and/or malicious for which Defendant is liable for compensatory damages, punitive damages and reasonable attorney's fees and costs

WHEREFORE, Plaintiff respectfully requests that she be awarded back pay and benefits, front pay and benefits, pre-judgment interest, post-judgment interest, compensatory damages, punitive damages, attorneys' fees, expert witness fees and costs of this action, and any other relief which the Court deems just and appropriate.

Respectfully submitted,

/s/Kendall D. Isaac
Kendall D. Isaac, Esq. (0079849)
Kendall@theisaacfirm.com
The Isaac Firm, LLC
341 S. Third St. Suite 10
Columbus, Ohio 43215
Telephone:  (614) 755-6540
Facsimile:  (614) 221-6740

*Attorneys for Plaintiff Joyice Childs*

**JURY DEMAND**

Plaintiff hereby demands a jury trial by the maximum persons permitted by law on all issues herein triable to a jury.

/s/Kendall D. Isaac
Kendall D. Isaac, Esq. (0079849)

**CERTIFICATE OF SERVICE**

I hereby certify that on July 6, 2010, a copy of the foregoing First Amended Complaint was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's ECF system.

/s/Kendall D. Isaac
Kendall D. Isaac, Esq. (0079849)